IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | | CRIMINAL NO. PJM-08-053 |
| | : | |
| DAVID BARREN | : | |

..oOo...

## GOVERNMENT'S OPPOSITION TO DEFENDANT BARREN'S
## MOTION TO DISMISS "CONSPIRACY COUNTS"

The United State of America, by its undersigned counsel, opposes Defendant Barren's motion to dismiss "Conspiracy Counts" entitled "Conspiracy Counts against David Barren should be Dismissed with Prejudice because it [sic] lacks the Requisite Elements," and states:

The gist of the defendant's motion is that the conspiracy count in Count One should be dismissed because the defendant claims that there is insufficient evidence of an agreement between the defendant and anyone else to commit the crime alleged.[1] The defendant appears to be making a motion for a judgment of acquittal under Fed.R.Cr.P. 29 based on his own skewed interpretation of a small portion of the discovery provided by the government before the government has even put on a case. Although the government will present at trial significant and abundant evidence of the defendant's guilt, it is not required to do so at this stage. The government will not take the defendant's bait. As the Fourth Circuit has noted, a defendant often "'wants the government to disclose its theory of the case and the supporting evidentiary facts. *That is not and never has been*

---

[1] Although the defendant speaks, at times, about conspiracy **counts**, he does not address Count Two in which the defendant is charged with conspiracy to structure in violation of 18 U.S.C. § 371. Consequently, unless the Court wishes otherwise, the government will not respond as to Count Two.

*required at the indictment stage*.'" (Emphasis supplied) *United States v. Loayza*, 107 F.3d 257, 261 (4th Cir. 1997), citing *United States v. Arlen*, 947 F.2d 139, 145 n.7 (5th Cir. 1991). The Fourth Circuit has further held that "courts lack authority to review the sufficiency of evidence supporting an indictment." *United States v. Wills*, 346 F.3d 476, 488 (4th Cir. 2003). *See also Costello v. United States*, 350 U.S. 359, 363-64 (1956) ("Petitioner urges that this Court... establish a rule permitting defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence. No persuasive reasons are advanced for establishing such a rule.").

An indictment is constitutionally adequate "if it, first, contains the elements of the offense charged against which [a defendant] must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). *See also United States v. Resendiz-Ponce*, - U.S. -, 127 S.Ct. 782, 788 (2008). "Established rules of pleading in an indictment do not require that each term or fact be fully defined, so long as the defendant is provided fair notice of the elements of the offense with which he is charged and sufficient detail so that he can plead an acquittal or a guilty verdict as a bar to a subsequent prosecution for the same offense." *United States v. Jackson*, 327 F.3d 273, 290 (4th Cir. 2003). "The allegations of an offense are generally sufficient if stated in the words of the statute itself," *United States v. Smith*, 44 F.3d 1259, 1264 (4th Cir. 1995), "as long as the words used in the indictment 'fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense.'" *United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002), citing *Hamling*, 418 U.S. at 117. *See also United States v. Russell*, 369 U.S. 749, 765 (1962).

Count One of the indictment alleges that the defendant and his co-defendant, Darryl Shephard, "did knowingly and willfully combine, conspire, confederate and agree with each other

2

and other persons, known and unknown to the Grand Jury, to distribute and possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). 21 U.S.C. § 846."

The elements of a § 846 conspiracy are as follows: (1) that there was an agreement between two or more persons to unlawfully dispense, distribute or possess with intent to distribute illegal narcotics; (2) that the defendant knew of the conspiracy; and (3) that the defendant knowingly and voluntarily became a part of the conspiracy. *United States v. Burgos*, 94 F.3d 849, 857 (*en banc*) (4th Cir. 1996). All of these elements are alleged in the indictment. Additionally, the indictment provides dates for the conspiracy so that it would act as a bar to a later prosecution. Consequently, Count One is constitutionally adequate and the defendant's motion to dismiss should be denied.

    Respectfully submitted,

    Rod J. Rosenstein
    United States Attorney


    By: ___/s/_____
    Charles J. Peters
    Assistant United States Attorney
    36 South Charles Street
    Fourth Floor
    Baltimore, Maryland 21201
    410-209-4800

**CERTIFICATE OF MAILING**

I hereby certify that on this 3rd day of March, 2009, a copy of the foregoing Opposition to Motion of Defendant Barren to Dismiss "Conspiracy Counts" was delivered by electronic mail to Paul W. Bergrin, Esquire, 50 Park Place, 10th Floor, Newark, New Jersey 07102, Attorney for Defendant Barren, Joseph R. Conte, Esquire, Suite 400, 400 Seventh Street, N.W., Washington, D.C. 20004, Attorney for Defendant North, and Harry Tun, Esquire, 400 Fifth Street, N.W., Suite 300, Washington, D.C. 20001, Attorney for Defendant Shephard.

                                              /s/
                                          Charles J. Peters
                                          Assistant United States Attorney